UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                                  Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 172.114.131.82,<br><br>                                  Defendant. | Case No.: 25-cv-3727-JLS-DDL<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>**[Dkt. No. 4]** |

Before the Court is Plaintiff Strike 3 Holdings, LLC's ("Plaintiff") *Ex Parte* Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference. Dkt. No. 4. For the reasons stated below, Plaintiff's application is **GRANTED**.

## I

## BACKGROUND

On December 22, 2025, Plaintiff filed a Complaint against Defendant John Doe subscriber assigned IP address 172.114.131.82 ("Defendant"), asserting a single cause of action for direct copyright infringement. Dkt. No. 1 at 8. Plaintiff alleges it is the owner of certain adult-content films and that Defendant is "committing rampant and wholesale copyright infringement" by downloading and distributing "25 [of Plaintiff's] movies over an extended period of time" without Plaintiff's authorization, permission, or consent. *Id.*

at 2. Defendant's name and address are unknown to Plaintiff, who can identify Defendant only by Defendant's IP address: 172.114.131.82. *Id*. Plaintiff has identified Spectrum, an internet service provider ("ISP"), as the owner of Defendant's IP address. Dkt. No. 4-1 at 17. Plaintiff therefore seeks the Court's leave to serve a subpoena on Spectrum which will "demand the true name and address of Defendant" and nothing more. *Id.* at 8. Plaintiff asserts "[w]ithout this information, [it] cannot serve Defendant nor pursue this lawsuit and protect its copyrights." *Id.*

## II.
## **LEGAL STANDARDS**

Federal Rule of Civil Procedure 26 provides that "a party may not seek discovery from another source before the parties have conferred as required by Rule 26(f)" unless such discovery is "authorized" by the Court. Fed. R. Civ. P. 26(d)(1). "[I]n rare cases," however, courts allow "limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).[1] Courts authorize such "expedited discovery" where the need for the information "outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating [a] request for expedited discovery"). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins. Co.*, 185 F.R.D. at 578.

The Ninth Circuit holds when the Defendant's identity is unknown at the time the complaint is filed, a court may grant leave to take early discovery to determine the Defendant's identity "unless it is clear that discovery would not uncover the identit[y], or

---

[1] Unless otherwise noted, all citations, subsequent history, and parallel reporter citations are omitted, and in direct quotes, all internal quotation marks, brackets, ellipses and footnotes are omitted, and all emphasis is added.

that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642; *see also JustM2J LLC v. Brewer*, No. 2:25-CV-00380-DAD-SCR, 2025 WL 435827, at *4 (E.D. Cal. Feb. 7, 2025) (noting "California district courts have found good cause to authorize expedited discovery to ascertain the identity of an unknown defendant" and collecting cases). "[T]o prevent abuse of this extraordinary application of the discovery process and to ensure that [the] plaintiff has standing to pursue an action against [the] defendant," the applicant must "make some showing that an act giving rise to civil liability actually occurred and that the requested discovery is specifically aimed at revealing specific identifying features of the person or entity who committed that act." *Columbia Ins. Co.*, 185 F.R.D. at 579-80.

## III.
## DISCUSSION

Courts apply a three-factor test when considering motions for early discovery to identify the Defendant. *Id.* at 578-80. First, the applicant should "identify the missing party with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court." *Id.* at 578. Second, the applicant must describe "all previous steps taken to locate the elusive defendant." *Id.* at 579. Third, the applicant should "establish to the Court's satisfaction that [its] suit . . . could withstand a motion to dismiss." *Id.* The Court considers each of these factors as applied to the instant *ex parte* application.

A.  **Identification of Missing Parties with Sufficient Specificity**

A plaintiff can satisfy its burden of identifying the missing party with specificity by "identify[ing] the unique IP addresses" of the allegedly infringing individuals and then "us[ing] geolocation technology to trace these IP addresses to a point of origin." *See Pink Lotus Entm't, LLC v. Does 1-46*, No. C-11-02263 HRL, 2011 WL 2470986, at *3 (N.D. Cal. June 21, 2011) (finding plaintiff satisfied first factor). Before filing the complaint, Plaintiff used geolocation technology to trace the IP address to a location in San Diego, California, which is within this District. Dkt. No. 4-2 at 33. This information was

confirmed before the instant motion was filed. *Id.* The Court finds Plaintiff has "sufficiently shown" that Defendant is a "real person[] likely residing in California who may be sued in this Court." *Pink Lotus*, 2011 WL 2470986, at *3; *see also Strike 3 Holdings, LLC v. Doe*, No. 24-CV-03852-PHK, 2024 WL 4445129, at *4 (N.D. Cal. Oct. 8, 2024) (finding on similar facts plaintiff's "allegations strongly suggest Defendant Doe is an identifiable person, a subscriber of the IP address . . ., and thus a natural person who can be legally sued in federal court").

**B.     Attempts to Locate Defendant**

Next, Plaintiff must identify all steps taken to identify and effect service upon Defendant. *See Columbia Ins. Co.*, 185 F.R.D. at 579. Plaintiff reports it attempted to "correlate" Defendant's IP address to Defendant by using web search tools, conducted research on other methods of identifying and locating Defendant, and consulted with experts in cybersecurity. Dkt. No. 4-1 at 14. Despite these efforts, Plaintiff has been unable to identify Defendant and represents it cannot do so without the requested discovery. *Id.* "Good cause exists where, as here, a plaintiff has exhausted its means to identify the defendant through publicly available information and has no other way to identify the bad actors involved in the scheme." *Amazon.com, Inc. v. Does 1-20*, No. 2:24-CV-01083-TL, 2024 WL 4893384, at *2 (W.D. Wash. Nov. 26, 2024). Accordingly, the Court finds Plaintiff endeavored to identify and locate Defendant before filing the instant application.

**C.     Ability to Withstand a Motion to Dismiss**

Plaintiff's Complaint alleges a single cause of action against Defendant for direct copyright infringement. *See* Dkt. No. 1 at 8. Plaintiff alleges it owns the subject intellectual property, which Defendant copied and distributed without Plaintiff's authorization, permission, or consent. *Id.* The Court finds Plaintiff has alleged a *prima facie* case of direct copyright infringement against Defendant that would likely withstand a motion to dismiss for failure to state a claim. *See Malibu Media*, 319 F.R.D. 299, 305 (E.D. Cal. 2016) (finding adult-entertainment company had established a *prima facie* claim for copyright infringement on similar facts).

Plaintiff also bears the burden of establishing jurisdictional facts. *See Columbia Ins. Co.*, 185 F.R.D. at 578. As noted, using geolocation technology, Plaintiff traced Defendant's IP address to a point of origin within this District before filing its Complaint and confirmed that the IP address traces to this District before filing the instant *ex parte* application. *See* Dkt. No. 4-2 at 33. These facts are sufficient to show "that it is likely that the [d]efendant is located within the Southern District of California and is subject to the personal jurisdiction of the Court." *Criminal Prods.*, *Inc. v. Doe*, No. 16-cv-02353-DMS-MDD, 2016 WL 6070355, at *3 (S.D. Cal. Oct. 17, 2016). The Court therefore finds Plaintiff has alleged enough facts to show it can likely withstand a motion to dismiss for lack of personal jurisdiction.

For the same reason, venue appears proper. Civil actions for copyright infringement "may be instituted in the district in which Defendant or his agent resides or may be found." 28 U.S.C.A. § 1400(a). Plaintiff alleges "a substantial part" of the alleged wrongful acts occurred in this District, and further that Defendant resides in this District. Dkt. No. 1 at 3. The Court finds the Complaint could likely withstand a motion to dismiss for improper venue.

In sum, and for the reasons stated above, the Court finds Plaintiff has established good cause to pursue expedited discovery. Plaintiff's *ex parte* application for leave to subpoena Defendant's ISP provider is accordingly **GRANTED**.

D.   **Good Cause Exists for a Limited Protective Order**

This Court is empowered to issue a protective order to protect any person or party "from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c). As other courts have observed, both due to the "highly personal nature" of the alleged infringement and the possibility that the subscriber associated with the IP address is not the infringer, good cause exists to protect Defendant Doe's privacy until further development of the record. *See Strike 3 Holdings,* 2024 WL 4445129, at *6; *accord Columbia Ins. Co.,* 185 F.R.D. at 578 ("People who have committed no wrong should be able to participate online without fear that someone who wishes to harass or embarrass

them can file a frivolous lawsuit and thereby gain the power of the court's order to discover their identity."). Notably, Plaintiff does not oppose, "and in fact[] welcomes," measures the Court deems necessary to protect the privacy of potential parties and nonparties. Dkt. No. 4-1 at 18.

Accordingly, all parties are **ORDERED** to treat any identifying information regarding Defendant Doe (or any nonparty identified by Spectrum) produced in response to the subpoena as "confidential" until Defendant Doe or other nonparties have had the opportunity to file a motion with the Court to proceed in the litigation anonymously and pursuant to a Stipulated Protective Order, and the Court has had a chance to rule on that motion. For the purposes of this Order, "confidential" treatment means the information cannot be used for any purpose outside of this litigation, and within this litigation can only be accessed by the following: individual parties; executives or other designees of corporate parties who are tasked with making decisions about the litigation; counsel for the parties (in-house and outside), and staff working on this litigation at counsel's direction, including e-discovery or other technical personnel; and outside discovery vendors retained by the parties.

## IV.
## CONCLUSION

For the reasons stated above, Plaintiff's *Ex Parte* Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference [Dkt. No. 4] is **GRANTED**. It is hereby further **ORDERED** that:

1. Plaintiff may serve a subpoena pursuant to Fed. R. Civ. P. 45 upon Spectrum to obtain the **name and address only** of Defendant John Doe, based on the IP address identified in the Complaint: 172.114.131.82. The subpoena shall **not** seek Defendant's telephone number, email address, or Media Access Control (MAC) address, as none of this information is necessary for Plaintiff to identify and serve Defendant.

2. The return date of the subpoena must allow for at least forty-five (45) days from service to production. If Spectrum intends to move to quash the subpoena, it must do

so prior to the return date of the subpoena. If a motion to quash or other customer challenge is brought, Spectrum must preserve the information sought by Plaintiff pending resolution of the motion or challenge.

3. Spectrum shall have fourteen (14) calendar days after service of the subpoena to notify its subscriber that his/her identity has been subpoenaed by Plaintiff. The subscriber whose identity has been subpoenaed shall have thirty (30) calendar days from the date of such notice to challenge the disclosure to Plaintiff by filing an appropriate pleading with this Court contesting the subpoena.

4. Plaintiff shall serve a copy of this Order with any subpoena served upon Spectrum pursuant to this Order. Spectrum, in turn, must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.

5. Any identifying information concerning Defendant Doe or any nonparty provided in response to the subpoena shall be treated as "confidential" in accordance with the terms set forth above.

6. Plaintiff may use any information disclosed pursuant to the subpoena only in pursuing this litigation.

7. No other discovery is authorized at this time.

**IT IS SO ORDERED.**

Dated: January 9, 2026

_David Leshner_

Hon. David D. Leshner
United States Magistrate Judge